```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FENG LI,

                    Plaintiff,

                -against-

MARK C. DILLON; J.P. SYLVIA O. HINDS-RADIX, BETSY BARROS, PAUL WOOTON, in their official capacities as justices of the New York Supreme Court, the New York State Supreme Court,

                    Defendants.

21-CV-5735 (VEC)

ORDER OF DISMISSAL

VALERIE CAPRONI, United States District Judge:

    Plaintiff Feng Li brings this *pro se* action, for which the filing fee has been paid, under 42 U.S.C. § 1983, *inter alia*, alleging that Defendants violated his constitutional rights. He names as Defendants four Justices of the New York Supreme Court, Appellate Division, Second Department.

    The Court dismisses the complaint for the reasons set forth below and warns Plaintiff that should he continue to file frivolous actions, the Court will issue an order barring him from filing actions in this Court, without first obtaining permission.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject-matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). An action is frivolous if it "lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff Feng Li, who is a frequent filer in this Court and self-identifies as being a suspended attorney in the State of New York, brings claims against Mark C. Dillon, J.P. Sylvia O. Hinds-Radix, Betsy Barros, and Paul Wooten, all New York State Appellate Division Justices, in their official capacities.  *See* Complaint, Dkt. 1.  Plaintiff brings this complaint against Defendants based on their January 27, 2021 decision, affirming a New York State Supreme Court decision rendered in an action Plaintiff brought against his former clients.  *See id.* at 8; *see also id.*, Ex. 1 (Nov. 16, 2020 Decision & Order).  Plaintiff contends that he does not challenge Defendants' decision affirming the lower court's dismissal of his complaint; instead, Plaintiff purports to challenge Defendants' statement in their opinion that "This Court found that the plaintiff (Li) had misappropriated the Rabine funds (the SHLP/Ranie fund) and a portion of the Sy judgment."  *Id.* at 8, 16.  Plaintiff seeks injunctive and declaratory relief, as well as attorneys' fees (notwithstanding his *pro se* status).

## DISCUSSION

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).  "[E]ven allegations of bad faith or malice cannot overcome judicial immunity," *id.*, because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ."  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.

1994).  In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

"[A] judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12.  "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Defendants arise out of a decision they rendered in adjudicating his appeal, and in particular, a statement issued in dicta in the Appellate Division's opinion. *See* Complaint, Ex. 1.  Defendants undoubtedly were acting within the scope of their judicial capacity in rendering their decision.  Moreover, the challenged statement issued by Defendants quoted from a prior opinion of the Appellate Division, Second Department, in which the court stated that "it cannot be said that there was an infirmity of proof that the respondent misappropriated the Rabine funds and a portion of the Sy judgment." *In re Feng Li*, 149 A.D.3d 238, 253 (2d Dep't 2017).  Notwithstanding Plaintiff's contention that Defendants "were without subject matter jurisdiction" either in issuing their decision or stating that the court had previously found Plaintiff to have misappropriated funds, *see* Complaint at 16, Defendants plainly had jurisdiction to issue the challenged decision and contested language therein.

The Court therefore dismisses Plaintiff's claims against Defendants as frivolous under the doctrine of judicial immunity.  *See Neitzke*, 490 U.S. at 325 (stating that a claim is frivolous if it "lacks and arguable basis either in law or in fact"); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir.

1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490 U.S. at 327)); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

## LEAVE TO AMEND DENIED

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (cleaned up). But a court has inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455–56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (cleaned up)). The Court declines to grant Plaintiff leave to amend both because the complaint is frivolous on its face and because it would be futile to do so.

## WARNING

In *Li v. Lorenzo*, then-Chief Judge McMahon noted Plaintiff's litigation history and status as an attorney and warned Li that the filing of future frivolous actions in this Court would result in an order barring him from filing new actions *in forma pauperis* without prior permission. No. 16-CV-4092, Dkt. 4 at 4–5 (S.D.N.Y. Sept. 7, 2016). Plaintiff appeared to be deterred until he filed this action for which he paid the filing fees.

In light of the frivolous nature of this matter, Plaintiff's litigation history, and status as a suspended attorney, the Court warns Plaintiff that further duplicative or frivolous litigation in

this Court will result in an order barring him from filing any new action, either *in forma pauperis* or by paying the filing fees, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint is dismissed under the doctrine of judicial immunity and as frivolous. The Clerk of Court is directed to mail a copy of this order to Plaintiff and to note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

**Dated:   July 23, 2021**
  **New York, New York**

  _____
  **VALERIE CAPRONI**
  **United States District Judge**